MULVIHILL *v.* HAMMETT.[*]

(Division B.    Feb. 6, 1928.    Suggestion of Error Overruled March 19, 1928.)

[115 So. 772.    No. 26812.]

TRIAL.    *Refusing instructions, principles of which were contained in other instructions, held harmless.*

    Refusal of instructions embodying correct principles of law *held* harmless, where same principles were contained in other instructions given one or other of parties.

[*]Corpus Juris-Cyc References:    Trial, 38Cyc, p. 1711, n. 19.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Action between Dennis Mulvihill and G. C. Hammett. Judgment for the latter, and the former appeals. Affirmed.

Statement of facts by reporter.

Plaintiff and appellant, Dennis Mulvihill, brought this action for damages against G. C. Hammett, setting up that he was a guest of Hammett on a trip from Natchez, Miss., to Baton Rouge, La., and return. That on the return trip and while the parties were still in the state of Louisiana the car was stopped, at night, on the highway but plaintiff remained on the back seat and while on the back seat or in the act of getting out of the car, an automobile driven by Hayden Kaiser approached from the rear and ran into defendant's car and threw appellant to the floor or down an embankment, from which he was injured.

*Engle & Laub,* for appellant.

A mere reading of the instructions will show that the jury were undoubtedly misled. The first instruction tells the jury that they cannot find for the plaintiff "unless they believe from the evidence that he was really injured and that the defendant's conduct was the proximate cause of the injury; that is to say, that the acts of Hammett, defendant, produced the injury." This instruction is erroneous as a matter of law, and is highly prejudicial and amounts to a peremptory instruction as the matter could be argued to the jury. Under the instruction appellee could well argue that stopping the car and turning out the lights would not produce any injury to the appellant.

We also call the court's attention to the instructions which were refused the plaintiff, appellant. The second instruction that was refused tells the jury "that if de-

fendant had his car stopped on the highway with his lights out and that had defendant had his lights burning Kaiser would have avoided the accident that then the jury should find for plaintiff.'' This instruction is clearly the law. If the accident would have been avoided but for the fact that defendant had his lights turned out and his car stopped on the highway then certainly his act in stopping his car and turning out his lights caused the accident. The next instruction refused tells the jury that ''they should find for plaintiff . . . if they believe from the evidence the accident was caused by the fact that Hammett had stopped his car on the highway and turned his lights out.'' The next instruction refused tells the jury that ''if they believe from the evidence that Hammett was driving along the highway in the night and knew other cars were also being driven in the direction in which he was proceeding, that it was his duty if he stopped his car temporarily for any purpose to keep his lights burning.'' Undoubtedly this instruction states the law. The next instruction refused appellant tells the jury that if the defendant was negligent and the driver of the other car, Kaiser, was also negligent and that the accident was brought about due to the concurrent negligence of Hammett and Kaiser then they should find for the plaintiff.

We submit that the trial court erred in its interpretation of the law as reflected in the instructions given for appellee and those refused appellant.

*L. T. Kennedy,* for appellee.

The cause was submitted to the jury under instructions most favorable to the plaintiff below. The instruction complained of by the appellant was covered in some other instruction which was granted him. The question could have been submitted to the jury in one single instruction and if it was, it makes no difference how many other instructions were refused. By instruction one the

jury were told that if they believed the defendant was guilty of any negligence which proximately caused or contributed to the accident, they should find for the plaintiff. By a verdict for defendant, this court is bound by the finding of fact by the jury that the defendant below was not guilty of any negligence that proximately caused or contributed to the accident. Plaintiff secured in instruction two a specific statement of this general instruction. This instruction tells the jury that if they believed the car was parked on the side of the road without lights burning and they believed from the evidence that that fact caused or contributed to the accident, they should find for the plaintiff. The jury, by its finding, held, as a matter of fact that the defendant's conduct in parking the car and without lights did not cause or contribute to the accident. We submit that these two instructions alone covered the case as fully as it could have been covered by writing a volume of instructions. Plaintiff, however, secured instruction three, which told the jury that even though they might believe from the evidence that Kaiser, who ran into appellee's car, was negligent, yet they still might find for the plaintiff if they believed that the conduct of appellee in stopping his car and turning off the lights caused or contributed to the injury. The finding of the jury, even upon the question of comparative negligence, exonerated this appellee. The criticism of the instructions given the defendant is not warranted. They merely stated the law of negligence and that the burden of proof was on the plaintiff.

ANDERSON, J., delivered the opinion of the court.

The issues of fact in this case were fairly and amply covered by instructions embodying the applicable principles of law.

We find no error in the instructions given for the appellee; nor was the appellant harmed by the refusal of the court of the several instructions requested on his be-

half, and marked refused in the record. Some of them embodied correct principles of law. One or more did not. Those instructions, refused appellant, which embodied correct principles of law, were without harm to appellant, because the same principles were contained in other instructions given one or the other of the parties.

*Affirmed.*